OPINION OF THE COURT
Edward O. Spain, J.
This is an action for a declaratory judgment. A motion was made on behalf of the plaintiff, Town of Hoosick, for a preliminary injunction. A temporary restraining order was granted on December 24, 1991. The temporary restraining order en *897 joins the defendant, Eastern Rensselaer County Solid Waste Management Authority (Authority), from incurring any new debts, expenses or financial obligations on behalf of the plaintiff town. The defendant, after serving its answer, moved for summary judgment in the declaratory judgment action and the plaintiff cross-moved for summary judgment. Both parties requested oral argument, their requests are hereby denied.
The facts are not complicated. The Town of Hoosick is a municipality located in eastern Rensselaer County, State of New York. The Authority, created in 1989, is a public benefit corporation organized and existing under title 13-H of the Public Authorities Law (§ 2050-aa et seq.). The Authority is made up of 13 members, each of which is a town or village located in Rensselaer County. The Authority’s enabling legislation (Public Authorities Law tit 13-H) specifically addresses the method by which members could join the Authority. It specifically names 17 towns and villages located within Rensselaer County which were authorized to decide whether they wanted to join the Authority. The enabling legislation further states that at least 6 out of the 17 enumerated municipalities must join in order for the Authority to exist and that if at least 6 municipalities did not join by a specified deadline then the Authority would “terminate” and be “dissolved” (Public Authorities Law § 2050-cc [4]).
Each municipality was permitted to join by enacting local legislation and by filing a certificate, approved by its local legislative body, with the Secretary of State before the stated deadline (Public Authorities Law § 2050-cc [4]). Plaintiff town joined the Authority by enacting local legislation and by filing the required certificate with the Secretary of State on December 22, 1989. As indicated above only 13 out of the 17 enumerated municipalities chose to join the Authority.
The statute also states that the Authority “shall be perpetual in duration” (Public Authorities Law § 2050-cc [4]). There is no language in the statute providing for the withdrawal of a municipality from the Authority. On the other hand, there is no specific language prohibiting a municipality which has joined the Authority from withdrawing its membership.
On October 14, 1990 plaintiff’s Town Board enacted local legislation withdrawing the Town of Hoosick from membership in the Authority. On December 23, 1991 the Town Board again voted in favor of withdrawing from the Authority and this time they additionally voted to revoke and rescind the *898 original certificate filed pursuant to the enabling legislation with the Secretary of State. The latter resolution which reflects both the withdrawal and rescission has since been filed with the Secretary of State.
In support of its motion for summary judgment the defendant Authority relies heavily on the language in the enabling legislation which states that the Authority is "perpetual in duration”. The defendant asserts that without specific language allowing a municipality to withdraw from the Authority each member municipality is locked-in. It is defendant’s position that until the State Legislature, if it chooses, authorizes the withdrawal of a member or members from the Authority their membership must continue.
The New York State Constitution provides that every local government shall have the power to adopt laws relating to the "government, protection, order, conduct, safety, health and well-being of persons or property therein” (NY Const, art IX, § 2 [c] [10]; see also, Municipal Home Rule Law § 10; Statute of Local Governments § 2).
While the Authority is perpetual in duration there is no language which states that the membership of a municipality in the Authority shall be perpetual in duration.
The defendant Authority suggests that if this court were to determine that the Town of Hoosick had the freedom to unilaterally withdraw from the Authority, in the absence of specific language authorizing members to withdraw, such a determination would be "judicial legislation”. A principle of statutory construction and interpretation cautions that courts may not correct errors, omissions or defects in State legislation. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 73.) Another significant principle of construction and interpretation is set forth in section 74 of the same chapter. "A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.)
The Authority concedes in its papers that the State Legislature probably never contemplated the withdrawal of a member from the Authority. In response to this apparent oversight the Authority has drafted proposed legislation and has requested that the State Legislature adopt it so that there will *899 be specific procedures for members to follow in the event they decide to withdraw.
Absent specific language to the contrary, it appears that the statute, in its failure to prohibit the withdrawal of members once they have joined, permits their withdrawal; such an interpretation is not judicial legislation. If the absence of language is an oversight, an unintended omission, the enabling statute is flawed thereby permitting the Town of Hoosick the option of withdrawing from the Authority.
The Town Board of the Town of Hoosick has the authority and responsibility to act in the best interests of its citizens. It chose to join the Authority in 1989. The Board now has determined that it will not benefit the town to continue its membership.
In view of the foregoing it is the court’s conclusion that the resolution of the Town Board of the Town of Hoosick dated December 23, 1991, which rescinds and revokes its entry into the Authority and further rescinds and revokes the certificate filed with the Secretary of State, is valid in all respects. The town’s membership in the Authority was terminated as of the date the resolution was duly filed with the Secretary of State. The Town of Hoosick shall not be financially liable for any new debts, expenditures or obligations incurred by the Authority after that date.
In light of this decision the plaintiffs challenge to the constitutionality of the enabling legislation is academic. The statute in question does not require the plaintiff town to obtain authorization from the State Legislature before it can withdraw from the Authority.
Summary judgment is granted in favor of the plaintiff. The issues regarding the necessity for a preliminary injunction are now moot.